**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>CG/LA INFRASTRUCTURE, INC.,<br><br>　　　　*Debtor.* | No. 1:22-bk-00172-ELG |

**CONSENT MOTION TO AUTHORIZE SERVICE**
**OF SUBPOENA ON CG/LA INFRASTRUCTURE, INC.**

In a separate action pending in the U.S. District Court for the District of Columbia, Movant Miya Water Projects Netherlands B.V. ("**Miya**") has filed an application for discovery from Debtor CG/LA Infrastructure, Inc. ("**CG/LA**") pursuant to 28 U.S.C. § 1782 for use in a contemplated foreign proceeding against third parties. *See In re Application of Miya Water Projects Netherlands B.V.*, No. 1:23-mc-00043 (D.D.C.) (the "**§ 1782 Action**"). In a recent status conference in that action, U.S. Magistrate Judge G. Michael Harvey suggested that Miya seek leave from this Court for the authorization of service of a subpoena on CG/LA, pursuant to the doctrine of *Barton v. Barbour*, 104 U.S. 126 (1881). CG/LA's Trustee has already consented to complying with the subpoena, should this Court enter an order authorizing the Trustee to do so. Accordingly, Miya requests that this Court enter an order authorizing service of and the Trustee's compliance with such a subpoena, should Miya's application be granted in the § 1782 Action. In support of this Consent Motion, Miya states as follows:

**BACKGROUND**

On May 2, 2023, Miya, a Dutch company, filed an Application seeking an order authorizing Miya to obtain discovery from CG/LA under 28 U.S.C. § 1782 in the District Court for the District of Columbia. That statute permits the "district court of the district in which a person resides or is found" to order that person "to give his testimony or statement or to produce

a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). Such an order may be made "upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court." *Id.*

Miya seeks discovery from CG/LA for use in a contemplated Dutch proceeding against Moonshot Missions ("Moonshot"); Moonshot's principal, George Hawkins; Xylem, Inc. ("Xylem"); and potentially others. *See* Exhibit A (Miya's Statement of Points and Authorities for an Order Under 28 U.S.C. § 1782, as filed at ECF No. 1-2 in the § 1782 Action) at 11. Miya was a member of a consortium that bid on and was designated the "Preferred Proponent" for a public-private partnership project to upgrade the water infrastructure in Puerto Rico before that project was canceled. *See id.* at 7–8, 10. In short, Miya has reason to believe that Moonshot, Hawkins, Xylem, and Xylem's subsidiary Sensus engaged in a coordinated effort to bring about the cancellation of the project, in order to achieve the reopening of the bid and to allow Xylem and Sensus, who had bid unsuccessfully the first time, a second bite at the apple. *See id.* at 8–11. Miya has also learned that CG/LA, through its former CEO Norman Anderson (who is, sadly, now deceased), was involved in discussions with individuals at Xylem and elsewhere about how to accomplish this end. *See id.* at 10. Miya has no intention to sue CG/LA in the contemplated Dutch proceeding. *Id.* at 15.

In its original Application, Miya initially asked that CG/LA produce documents in response to a series of targeted requests aimed at discovering documents involving the water project and communications between CG/LA and the suspected wrongdoers or Puerto Rican government entities. *See* Proposed Subpoena, ECF No. 5-1, § 1782 Action. After filing its initial Application, Miya attempted to complete service on Janina Anderson, identified as

2

CG/LA's "Managing Partner" in its bankruptcy petition, but was unsuccessful despite numerous attempts. *See* Resp. to Order to Show Cause ¶ 4, ECF No. 10, § 1782 Action. Accordingly, around the same time, Miya emailed a service packet containing the Application and supporting filings to CG/LA's bankruptcy counsel, Maurice VerStandig, and to counsel for the Trustee, Joshua Cox. Miya later conferred on multiple occasions with the Trustee and his counsel, along with CG/LA's bankruptcy counsel. *Id.* ¶ 5. The Trustee consented to voluntarily complying with the subpoena by producing a copy of the contents of a hard drive containing CG/LA's available digital information, provided this Court first authorized him to do so. Mr. VerStandig also consented to the same, to the extent he has authority to consent on behalf of CG/LA. *Id.* ¶ 6. The proposal to comply with the subpoena by producing the hard drive directly, rather than by reviewing and producing documents, was a result of the parties' collective effort to minimize the burden on the Trustee and the Debtor.

On July 13, 2023, Judge Harvey held a status conference regarding Miya's Application in the § 1782 Action. Judge Harvey invited Miya to submit an Amended Application, which Miya is in the process of finalizing. Judge Harvey further suggested that Miya should consider seeking leave from this Court, in accordance with the *Barton* doctrine, to authorize the service of a subpoena on CG/LA, through the Trustee. Therefore, with the consent of CG/LA's Trustee, Miya respectfully requests that this Court enter an order stating that, should the District Court grant Miya's Amended Application in the § 1782 Action, Miya is authorized to serve CG/LA, through its Trustee, with a subpoena substantially in the form attached as Exhibit B. That subpoena would direct CG/LA, through the Trustee, to produce a copy of the contents of CG/LA's hard drive containing the company's available digital information, subject to any protective order entered by the District Court. *See* Ex. B.

**ARGUMENT**

As originally established by the Supreme Court, the *Barton* doctrine provides that "before suit can be brought against a court-appointed receiver, 'leave of the court by which he was appointed must be obtained.'" *In re Crown Vantage, Inc.*, 421 F.3d 963, 970–71 (9th Cir. 2005) (quoting *Barton*, 104 U.S. at 127). This doctrine "has since been expressly expanded to include other types of court-appointed parties, such as bankruptcy trustees and counsel for trustees." *In re Eagan Avenatti, LLP*, 637 B.R. 502, 506 (Bankr. C.D. Cal. 2022) (collecting cases). Although this doctrine ordinarily applies to prevent the bringing of a complaint against such parties, at least two cases have held that it also extends to require the permission of a bankruptcy court before serving a third-party subpoena on a trustee or liquidating trust in a separate action. *See In re Circuit City Stores, Inc.*, 557 B.R. 443, 451 (Bankr. E.D.V.A. 2016); *In re Eagan Avenatti*, 637 B.R. at 506–08. And at least one court has questioned the application of *Barton* to the discovery context. *See In re Media Grp., Inc.*, 2006 WL 6810963, at *7 (9th Cir. B.A.P. Nov. 14, 2006) (rejecting the premise that *Barton* supports the proposition that "leave from the appointing court must be obtained before pursuing *discovery* in a case in which the court appointee is not a named party" (emphasis in original)).

Accordingly, and in light of Judge Harvey's concerns expressed at the July 13 status conference, Miya respectfully requests that the Court authorize Miya to serve CG/LA, through the Trustee, with the proposed subpoena, because even assuming that leave to do so is required, such relief is warranted under *Barton*. To begin, although the test for when such permission should be granted under *Barton* in the context of a subpoena is not well developed, the courts to have addressed the issue have described the relevant inquiry as whether compliance with the subpoena would "place an undue burden on the administration of the Estate" or "interfere with

the administration of the Estate." *In re Eagan Avenatti*, 637 B.R. at 509; *see also In re Circuit City*, 557 B.R. at 451 (enjoining enforcement of subpoena where it "would require an inappropriate expenditure of trust resources and would interfere with the Liquidating Trustee's administration of the estate"). Here, compliance with the subpoena would place little to no burden on CG/LA's estate, let alone an undue one. Compliance with the subpoena would not require any review of documents, but rather simply the production of a copy of the contents of the hard drive. Indeed, this proposal was developed through Miya's cooperation and discussions with the Trustee and CG/LA's bankruptcy counsel, and it was chosen with their consent, specifically for the purpose of minimizing the burden on the Trustee.

Miya also satisfies the tests that courts have developed for determining when permission to file a complaint should be given, although they do not map on perfectly to the subpoena context. For one, when a party brings a *Barton* motion seeking leave from an appointing court to bring suit, that party must "establish a *prima facie* case against the trustee on the merits." *In re Summit Metals, Inc.*, 477 B.R. 484, 497 (Bankr. D. Del. 2012).

Miya has made a *prima facie* case that it is entitled to discovery from CG/LA. As set forth more fully in its memorandum in support of its Application in the § 1782 Action (Exhibit A), Miya has satisfied both the statutory requirements of § 1782 as well as all of the discretionary factors set forth by the Supreme Court in *Intel v. Advanced Micro Devices*, 542 U.S. 241, 264–65 (2004). To summarize, the statutory factors are met because (1) CG/LA "resides or is found" in the District of Columbia; (2) the requested discovery is "for use in" Miya's reasonably contemplated Dutch proceeding; and (3) Miya, as an expected plaintiff in the contemplated Dutch proceeding, is an "interested person" within the meaning of § 1782. Ex. A at 12–15. And the discretionary factors are all met because (1) CG/LA is not an anticipated

defendant in the Dutch proceeding; (2) Dutch courts are receptive to information collected through § 1782; (3) Miya is not attempting to circumvent any applicable proof-gathering limitations in the Dutch proceedings; and (4) the discovery sought is not unduly burdensome. *Id.* at 15–18.

Some bankruptcy courts also employ a five-factor test to determine whether to grant leave to sue in another forum under *Barton*. These factors, whose presence may serve as a basis for the bankruptcy court to retain jurisdiction, are:

> (1) whether the acts complained of relate to the carrying on of the business connected with the property of the bankruptcy estate, (2) whether the claims concern the actions of the officer while administering the estate, (3) whether the officer is entitled to quasi-judicial or derived judicial immunity, (4) whether the plaintiff seeks a personal judgment against the officer and (5) whether the claims seek relief for breach of fiduciary duty, through either negligent or willful conduct.

*In re Yellowstone Mountain Club, LLC*, 841 F.3d 1090, 1096 (9th Cir. 2016) (citations and internal quotation marks omitted). Again, this test does not map on perfectly to the § 1782 context, but even so, none of these factors are satisfied. The acts at issue in Miya's § 1782 application have no relation to the carrying on of the business connected with the property of CG/LA's bankruptcy estate, nor does the application concern the actions of the Trustee while administering the estate. Miya does not seek any personal judgment against the Trustee, nor does it bring any claims for breach of fiduciary duty. And because Miya has not brought any claims against the Trustee, at all, there simply are no claims to which the Trustee would be entitled to quasi-judicial or derived judicial immunity.

In summary, none of the factors that have led bankruptcy courts to deny *Barton* requests are present here. This subpoena simply does not run a risk of interfering with the estate's administration—the burden it would present is minimal, and the fact that the Trustee has

Case 22-00172-ELG    Doc 44    Filed 08/15/23    Entered 08/15/23 15:21:20    Desc Main
                                Document      Page 7 of 8

consented to this request only reinforces that conclusion. This Consent Motion should accordingly be granted.

## CONCLUSION

For the reasons stated above, Miya requests that this Court grant this Consent Motion; enter the Proposed Order attached as Exhibit C; and authorize service of a subpoena on CG/LA, through the Trustee, substantially in the form attached as Exhibit B, contingent upon Judge Harvey's grant of Miya's application for discovery in the § 1782 Action.

Dated: August 15, 2023

Respectfully submitted,

/s/ *Tara M. Lee*
Tara M. Lee (DC Bar No. 1024533)
Scott E. Lerner (DC Bar No. 1024964)
Robert Golan-Vilella (DC Bar No. 1724616)
Benedict S. Bernstein (DC Bar No. 1780747)
**WHITE & CASE** LLP
701 Thirteenth Street N.W.
Washington, D.C. 20005
Phone: (202) 626-3600
Fax:    (202) 639-9355
tara.lee@whitecase.com
scott.lerner@whitecase.com
robert.golan-vilella@whitecase.com
benedict.bernstein@whitecase.com

*Counsel for Movant*
*Miya Water Projects Netherlands B.V.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2023, I caused a true and accurate copy of the foregoing Consent Motion to Authorize Service of Subpoena on CG/LA Infrastructure, Inc. to be filed electronically, causing service upon all those registered to receive such service.

/s/ *Tara M. Lee*